```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ANDREA M. SWINGLER,

                    Plaintiff,           06-CV-6611

v.                                       DECISION
                                         And ORDER
LARRY G. MASSANARI
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____
```

INTRODUCTION

Plaintiff, Andrea M. Swingler ("Swingler" or "plaintiff") brings this action pursuant to the Social Security Act, (codified at 42 U.S.C. § 1381 et seq.) claiming that the Commissioner of Social Security improperly denied her application for supplemental security income benefits. Specifically, Swingler alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Swingler opposes the defendant's motion.

BACKGROUND

On July 1, 1999 plaintiff Andrea Swingler, a 41 year old former nurse's aide/assistant, filed an application for

supplemental security income benefits claiming that she had become unable to work as of July 27, 1997 because of a lower back impairment accompanied with pain. (Tr. 15, 18). The application was denied initially by the Social Security Administration on November 12, 1999, and upon reconsideration at the plaintiff's request the application was denied again on January 25, 2000. (Tr. 15). Plaintiff requested an administrative hearing which was held on August 8, 2000, at which hearing plaintiff was represented by an attorney. Id.

On the basis of the hearing and the medical record, the ALJ found that although Swingler suffered from severe impairments including a mild disc bulge at the L4-L5 level of her lumbar spine and mild degenerative facet joints disease at the L5-S1 level of her lumbrosacral spine, she did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4. (Tr. 18-19, 26). The ALJ held that though the plaintiff cannot perform any past relevant work, she can perform other jobs that exist in significant numbers in the national economy. (Tr. 23, 26). On June 13, 2001 Swingler's appeal of the ALJ's decision to the Social Security Appeals Board was denied, and on August 17, 2001, plaintiff filed this action.

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex.1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment

on the merits is possible merely by considering the contents of the pleadings.  <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2nd Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate.  <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the Commissioner are supported by substantial evidence judgment on the pleadings is hereby granted for the defendant.

    II.  <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record.</u>

The ALJ made the determination based on the evidence before her that plaintiff did not suffer from a disability under the Social Security Act.  A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff's mild diffuse disc bulge at the L4-L5 level of the lumbar spine and mild degenerative facet joints disease at the L5-S1 level of the lumbrosacral spine were "severe" medical impairments; that plaintiff's conditions either individually or in combination with her other impairments did not meet or equal one of

the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff did not have the capacity to perform her past work, and that plaintiff retained the functional capacity to perform jobs that exist in significant numbers in the national economy including light work activities. (Tr. 26).

The plaintiff claims that the ALJ did not acknowledge or take into account treating medical source opinions or explain why those opinions were rejected by the ALJ in making her decision. When "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that [she] have mentioned every item of testimony presented to [her] or have explained why [she] considered particular evidence unpersuasive or insufficient to lead [her] to a conclusion of disability." Berry v. Schweiker, 675 F.2d 464, 469 (2nd Cir. 1982); (citing Mongeur, 722 F.2d at 1040). The medical opinion of a treating physician is afforded controlling weight only if that opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 516.927(d)(2); Schall v. Apfel, 134 F.3d 496, 503 (2nd Cir. 1998). In Snell v. Apfel, 177 F.3d 128, 133 (2nd Cir. 1999) the Second Circuit held that, "when other substantial evidence in the record conflicts with the treating physician's opinion, that opinion will not be deemed controlling. And the less consistent that opinion is with the record as a whole, the less weight it will be given." The task of determining an individual's

functional capacity ultimately rests with the Commissioner. 20 C.F.R. § 416.927(e)(1), (2).

The objective medical evidence in this case conflicts with the conclusory statements by Dr. Cameron Huckell and a doctor at Sheehan Memorial Hospital that the plaintiff was "temporarily totally disabled." (Tr. 145, 278). A partial or temporary disability is not recognized as a compensable disability under the Social Security Act. DeJesus v. Chater, 899 F.Supp. 1171, 1177 (S.D.N.Y. 1995). Dr. Huckell based his conclusion on an MRI performed on January 19, 1999 when he also opined that "perhaps there is some mild degenerative disk disease and bulging." (Tr. 145). A lumbar CT scan was performed at Sheehan Memorial Hospital on September 3, 1997 that showed no evidence of destructive bone lesion, disc herniation, or any other major finding. (Tr. 141). The plaintiff underwent x-rays performed by Dr. James White on April 20, 1998 that showed some anterior osteophytes at T9-T10, but no disk space narrowing and no developmental abnormalities in the thoracic region. (Tr. 142). On August 31, 1999 the plaintiff underwent a lumbar spine x-ray which revealed to Dr. Pol Akman only mild degenerative changes. (Tr. 149). An MRI of the plaintiff's lumbrosacral spine showed completely normal results except for a mild diffuse disk bulge at L4-L5 causing slight mass effect over the thecal sac and degenerative facet joints disease at L5-S1 with mild narrowing of neural foramina. (Tr. 315).

The ALJ also relied upon the opinions of the State Agency consultants who evaluated medical evidence both at the intitial and reconsideration stages and concluded that the claimant had the capacity for "medium" work.

The opinions of consultative examiners may be considered by the ALJ as evidence to contradict the opinion of a treating physician. Mongeur v. Heckler, 722 F.2d 1033, 1039 (2nd Cir. 1983; Miles v. Harris, 645 F.2d 122, 124 (2nd cir. 1981). A review of the medical records was conducted by Dr. Akman on August 31, 1999 and noted that the plaintiff's body function was "very well preserved." (Tr. 149).

A consultative orthopaedic evaluation was performed by Dr. John Giardino on September 20, 1999 who, after reviewing Swingler's medical record, opined that the plaintiff had a mild to moderate degree of disability. (Tr. 159). Also, as a result of a consultative examination on November 10, 1999 by Dr. Janis Dale, also concluded that Swingler's prognosis for recovery was "fairly good" and that she was able to frequently lift 25 lbs. and occasionally lift 50 lbs. (Tr. 162). Dr. Peterkin Lee Kwen examined Swingler's medical record on January 24, 2000. concurred with Dr. Dale's Residual Functioning Capacity Assessment (Tr. 170). These conclusions are further supported by the objective medical evidence in the record and were properly applied and utilized by the ALJ in formulating her decision. Accordingly, I find that the ALJ properly evaluated the opinions of plaintiff's

treating physicians in addition to the consultive examiners and gave all opinions appropriate weight. Moreover, because the total evidence in the record supports the ALJ's finding that plaintiff is not disabled, I grant defendant's motion for judgment on the pleadings.

## CONCLUSION

For the above reasons, I grant Defendant's motion for judgment on the pleadings, because the ALJ's decision is supported by substantial evidence in the record and, accordingly, I dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

                                        S/Michael A. Telesca
                                        _____
                                        MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
            January 4, 2007